SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JOSEPH E. FOSS, Cal. Bar No. 198294
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: PKlee@sheppardmullin.com
       JFoss@sheppardmullin.com

Attorneys for Defendant
ALLSTATE INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARINEA MESERKHANI, SEROJ MESERKHANI, SYLVIA MESERKHANI, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 25, <br><br> Defendants. | Case No. 2:13-cv-07870 DSF (JEM) <br><br> **STIPULATION AND CONFIDENTIALITY AGREEMENT** <br><br> Courtroom 840 <br> The Hon. Dale S. Fischer <br><br> Courtroom C, 8th Floor <br> The Hon. John E. McDermott, Magistrate Judge |

WHEREAS, defendant Allstate Indemnity Company ("Allstate") has in its possession DOCUMENTS, which it contends contain confidential and/or proprietary information, which DOCUMENTS have been requested in discovery in this lawsuit; and

WHEREAS, the parties to this lawsuit desire to avoid controversy regarding the potential disclosure of the DOCUMENTS;

IT IS HEREBY AGREED by the parties to this action, through their counsel, that any DOCUMENTS produced by Allstate that are marked "CONFIDENTIAL" will be subject to the terms and conditions outlined in this Confidentiality Agreement.

1. Unless agreed to in writing by Allstate's counsel or otherwise ordered by the court, the DOCUMENTS and all information derived therefrom, shall be used only in connection with, in preparation for and/or during the trial of this action *Sarinea Meserkhani, Seroj Meserkhani, and Sylvia Meserkhani v. Allstate Insurance Company, et al.*, United States District Court, Central District of California, Case No. 2:13-cv-07870 DSF (JEM), and shall not be used for any other purpose whatsoever.

2. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

3. By producing the DOCUMENTS, Allstate does not waive any objection to their admissibility, relevance, or any other ground of objection, all of

1 | which grounds are specifically reserved.

2 |     4.    The DOCUMENTS shall be treated as follows:

3 |     a.    The DOCUMENTS and any copies, summaries, extracts, notes
4 | or memoranda relating thereto may be disclosed by counsel of record for Plaintiffs
5 | Sarinea Meserkhani, Seroj Meserkhani, and Sylvia Meserkhani only to the
6 | following:

7 |     (1)    Plaintiffs;

8 |     (2)    Counsel of record for Plaintiffs, and all attorneys,
9 | paralegals, stenographic and clerical employees of such counsel who work under the
10 | direct supervision of such counsel;

11 |     (3)    Consultants and experts employed by counsel of record for
12 | the purpose of assisting in the preparation for and/or trial of this action but only to
13 | the extent such persons need such confidential information for that preparation;

14 |     (4)    The court, court personnel, and deposition officers;

15 |     (5)    The jury selected for trial in this matter (if any); and

16 |     (6)    Any other person under such terms as may be agreed by
17 | the parties in writing or as the court may hereafter order.

18 |     b.    Any person identified in (3) above, to whom disclosure of the
19 | DOCUMENTS is made, shall be advised of this Confidentiality Agreement and,
20 | before disclosure is made, shall sign a document (a copy of which is attached hereto
21 | as Exhibit A) manifesting that he or she agrees to abide by the terms of the
22 | Confidentiality Agreement and to be subject to the jurisdiction of this court for
23 | purposes of enforcement of this Confidentiality Agreement. If the DOCUMENTS
24 | are provided to consultants and/or experts hired by Plaintiffs, such consultants
25 | and/or experts shall sign a copy of Exhibit A, and Plaintiffs shall provide it to
26 | Allstate at the time experts are designated in this case. Plaintiffs' counsel shall keep
27 | a list with the name of each consultant and/or expert hired by Plaintiffs who has
28 |

1 signed a copy of the Confidentiality Agreement. If the DOCUMENTS are
2 presented to any person who is not a consultant and/or expert, counsel for Allstate
3 shall be provided immediately with a copy of Exhibit A, bearing the signature of
4 any such person before the DOCUMENTS are disclosed to such person.

5     5. Any party wishing to attach a DOCUMENT as an exhibit to any
6 deposition in this action shall inform the court reporter or transcriber who reports or
7 transcribes testimony about this Confidentiality Agreement before the beginning of
8 the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall
9 be treated as if they were the DOCUMENTS.

10     6. In the event that the DOCUMENTS or portions of transcripts
11 designated as confidential are deposited with the Court or used in connection with
12 any filing or proceeding in this action, the parties shall request and take the
13 necessary measures to support a request that the DOCUMENTS be filed under seal.

14     7. This Confidentiality Agreement, its terms, the designation of a
15 transcript as CONFIDENTIAL, or the fact that material is confidential shall not be
16 admissible during trial and shall not be communicated to the jury.

17     8. Upon final determination of this action, whether by judgment,
18 settlement or otherwise, including all appeals:

19     a. Plaintiffs' counsel and any other person who has received
20 material designated as confidential shall assemble and return to Allstate's counsel
21 all material so produced, along with all copies, extracts, summaries and
22 compilations thereof (except material constituting the work product of any counsel,
23 which shall be kept confidential or destroyed). Allstate shall select and arrange with
24 a messenger service to pick up and return the DOCUMENTS to Allstate's counsel.
25 Alternatively, Plaintiffs' counsel may destroy the DOCUMENTS and, upon a
26 request by Allstate's counsel, provide a declaration to Allstate's counsel that he has
27 done so;
28

1         b.    Plaintiffs' counsel will continue to protect the confidentiality of information contained in work product DOCUMENTS retained under (a) above and, if applicable, will provide a declaration confirming that such DOCUMENTS have been destroyed; and

        c.    The clerk of the court shall be requested to return to the disclosing parties all confidential DOCUMENTS, which have been filed with the Court.

9.     Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        a.    The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating

party is unwilling to participate in the meet and confer process in a timely manner.

   b. If the Parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

   c. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

  10. The execution of this Confidentiality Agreement shall not preclude any party from moving the court for protective orders in the course of this litigation.

Nor shall it preclude Plaintiffs from moving the court for an order that certain DOCUMENTS be deemed not subject to this Confidentiality.

11. This Confidentiality Agreement is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the Court.

12. The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

Dated: August 13, 2014

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By      *s/ Joseph E. Foss*
            JOSEPH E. FOSS
            Attorneys for Defendant
            ALLSTATE INDEMNITY COMPANY

Dated: August 13, 2014

        MCKENNON LAW GROUP PC

        By      *s/ Scott E. Calvert*
            SCOTT E. CALVERT
            Attorneys for Plaintiffs
            SARINEA MESERKHANI, SEROJ
            MESERKHANI, and SYLVIA MESERKHANI

IT IS SO ORDERED.
DATED: 8/18/2014
/s/ John E. McDermott
UNITED STATES MAGISTRATE JUDGE

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Case 2:13-cv-07870-DSF-JEM Document 20 Filed 08/13/14 Page 8 of 9 Page ID #:510

# EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement in the action entitled *Sarinea Meserkhani, Seroj Meserkhani, and Sylvia Meserkhani v. Allstate Insurance Company, et al.*, United States District Court, Central District of California, Case No. 2:13-cv-07870 DSF (JEM). I agree to be bound by the provisions of that Confidentiality Agreement with respect to any confidential material disclosed to me, and I specifically agree that I will not communicate, reveal, or use any confidential material except in accordance with the terms of the Confidentiality Agreement. I further agree to return any confidential material provided to me and all copies thereof to the party or counsel who provide such confidential material to me.

I hereby submit to the jurisdiction of the United States District Court, Central District of California for all purposes relating to the enforcement of the provisions of the Confidentiality Agreement.

I declare under penalty of perjury that the following is true and correct. Executed this _____ day of _____ 20____ at _____, _____

(City, State)

_____
Signature

_____
Name (printed)